668 S.E.2d 790

**In the Matter of Samantha D. FARLOW, Respondent.**

**No. 26352.**

Supreme Court of South Carolina.

Decided June 25, 2007.

Rehearing Denied July 19, 2007.

Refiled Oct. 27, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jason B. Buffkin, of West Columbia, for Respondent.

PER CURIAM:

In contemplation of filing a Petition for Reinstatement, respondent discovered a scrivener's error in the Court's original opinion in this matter. The Court reissues its opinion as follows.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE. Respondent requests that if a suspension is imposed, it be made retroactive to the date of her interim suspension. *See In the Matter of Farlow*, 369 S.C. 48, 631 S.E.2d 75 (2006). We accept the agreement and find a two year suspension from the practice of law is the appropriate sanction. The suspension shall not be made retroactive to the date of respondent's interim suspension.

## FACTS

The facts, as set forth in the agreement, are as follows. Respondent pled guilty to one count of accommodation distribution of marijuana without remuneration, in violation of 21 U.S.C. §§ 841(b)(1)(D) and 841(b)(4), and one count of possession of methylenedioxymethamphetamine hydrochloride, also known as "ecstasy," in violation of 21 U.S.C. § 844(a). Respondent was sentenced to six months' imprisonment on each count, to be served concurrently.[1] It was also ordered that, upon release, respondent be under supervision for one year, six months of which must include participation in the home confinement program with electronic monitoring.

## LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Con-

---

1. At the sentencing hearing, it was also determined respondent had given perjured testimony in the trial of another individual. The acts that gave rise to both the criminal charges against respondent and the finding of perjury occurred prior to respondent's admission to the practice of law.

duct, Rule 407, SCACR: Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent also admits her misconduct constitutes grounds for discipline under Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, to bring the courts or legal profession into disrepute, or demonstrate an unfitness to practice law) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for two years. The suspension shall not be made retroactive to the date of respondent's interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court. In addition, as set forth in the agreement, respondent shall, within thirty (30) days of the date of this opinion, pay $861.88 for costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.